UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

**NOTICE OF APPEARANCE**

| | |
|---|---|
| PAULA ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:25-cv-00413 |
| | ) |
| OFFICER ADAM ZORMIER and | ) |
| CITY OF HOBART, INDIANA | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

COME NOW, the Defendants, Officer Adam Zormier and the City of Hobart, Indiana, by counsel, and for their Answer to Plaintiff's Complaint, allege and state as follows:

### JURISDICTION AND VENUE

1. Defendants admit the material allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the material allegations contained in paragraph 2 of Plaintiff's Complaint and concede that this Court has jurisdiction in this matter.

3. Defendants admit the material allegations contained in paragraph 3 of Plaintiff's Complaint and admit that this Court is the proper venue for this matter.

### PARTIES

4. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the material allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendants admit that Defendant City of Hobart, Indiana is a municipal corporation that funds the Hobart Police Department, but denies the remaining material allegations contained in paragraph 6 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

7. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendants admit the material allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendants admit the material allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendants admit the material allegations contained in paragraph 27 of Plaintiff's Complaint.

### Count I—14th Amendment Claim against Defendant Adam Zormier

28. Defendants re-allege and incorporate the responses to paragraphs 1 through 28 of Plaintiff's Complaint as if fully restated herein.

29. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendants admit the material allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendants are without sufficient knowledge or information to either admit or deny the material allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the material allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the material allegations contained in paragraph 33 of Plaintiff's Complaint.

### Count II—Fourth Amendment Claim against Defendant Adam Zormier

34. Defendants re-allege and incorporate the responses to paragraphs 1 through 33 of Plaintiff's Complaint as if fully restated herein.

35. Defendants deny the material allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the material allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the material allegations contained in paragraph 37 of Plaintiff's Complaint.

### Count III—Indiana State Law Claim for IIED against All Defendants

38. Defendants re-allege and incorporate the responses to paragraphs 1 through 37 of Plaintiff's Complaint as if fully restated herein.

39. Defendants admit that Defendant Zormier was acting within the scope of his employment but denies the remaining material allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the material allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the material allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the material allegations contained in paragraph 42 of Plaintiff's Complaint.

### Count IV—Indiana State Law Claim for False Imprisonment against All Defendants

43. Defendants re-allege and incorporate the responses to paragraphs 1 through 42 of Plaintiff's Complaint as if fully restated herein.

44. Defendants admit that Defendant Zormier was acting within the scope of his employment but denies the remaining material allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the material allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the material allegations contained in paragraph 46 of Plaintiff's Complaint.

WHEREFORE, Defendants pray the Court that Plaintiff take nothing by way of her Complaint, for the costs of this action, and all other appropriate relief.

### AFFIRMATIVE DEFENSES

Defendants, by counsel, pursuant to the Federal Rules of Civil Procedure, subject to further discovery, investigation, and amendment, hereby assert the following affirmative defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff may have unreasonably failed to mitigate her damages so that Plaintiff's damages, if any, may be reduced or barred.

3. Plaintiff may have been contributorily negligent.

4. Defendants are entitled to absolute and/or qualified immunity.

5. Defendants acted in good faith and had reasonable grounds for believing any acts taken did not violate applicable federal or state laws.

6. With respect to any potential state law claims, Plaintiff's claims are barred by the Indiana Tort Claims Act, Ind. Code § 34-13-3-1, *et seq.*

7. With respect to any potential state law claims, Defendants are immune from any claim of punitive damages based upon provisions of the Indiana Tort Claims Act, Ind. Code § 34-13-3-1, *et seq.*

8. Defendants specifically deny they have any negligence.

9. Defendants are not the proximate cause of Plaintiff's alleged damages.

10. Defendants breached no duty owed to the Plaintiff.

11. With respect to any potential state law and federal claims, Defendants are immune under common law.

12. In regards to any potential claim for punitive damages, Defendants lacked the requisite culpability, scienter, or *mens rea*; Plaintiff must establish that by "clear and convincing" evidence.

13. Defendants hereby reserve any and all rights they may have to raise additional affirmative defenses.

Respectfully submitted,

/s/ Shaw R. Friedman

Shaw R. Friedman #8482-46
Jeremy M. Noel #8482-46
Counsel for Defendants
FRIEDMAN & ASSOCIATES, P.C.
705 Lincolnway
LaPorte, IN 46350
(219) 326-1264
sfriedman.associates@frontier.com
jmnoel@laportelegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2025 , I electronically filed the foregoing with the Clerk of the United States District Court South Bend Division by using CM/ECF Next Gen system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Jeffrey D. Naffziger # 30057-45
O'Connor Law Firm, Ltd.
100 S. Wacker Drive, Suite 350
Chicago, IL 60606
(312) 906-7609
jnaffziger@koconnorlaw.com
firm@koconnorlaw.com

Shaw R. Friedman #8482-46
Jeremy M. Noel #27984-53
Counsel for Defendants